UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| H. PROVINO,<br><br>                    Plaintiff,<br><br>          -against-<br><br>RICK PERRY; GREG ABBOTT; U.S. FED;<br>STATE OF TEXAS; SOUTHERN TEXAS<br>TITLE,<br><br>                    Defendants. | 26-CV-0515 (LTS)<br><br>TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is a resident of the State of Nevada, brings this *pro se* action under the court's federal question jurisdiction and diversity of citizenship jurisdiction, alleging that Defendants violated her rights.[1] Named as Defendants are former Texas Governor and former United States Energy Secretary Rick Perry; former Texas Attorney General and current Governor Greg Abbott; Southern Texas Title; "U.S. Fed.," which the Court understands to be the United States of America; and the State of Texas. For the following reasons, the Court transfers this action to the United States District Court for the Southern District of Texas.

## DISCUSSION

Because Plaintiff sues a federal defendant, the venue statute governing this action is 28 U.S.C. § 1391(e). Under Section 1391(e)(1), venue is proper in

> any judicial district in which (A) a defendant in the action resides, (B) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (C) the plaintiff resides if no real property is involved in the action.

---

[1] Plaintiff captioned and signed the complaint as "H. Provino." Documents attached to the complaint indicate that Plaintiff's name is likely Helen Provino. (*See* ECF 1, at 7.) The Court therefore uses female pronouns when referring to Plaintiff.

28 U.S.C. § 1391(e)(1). Under Section 1391(c), for venue purposes, a "natural person" resides in the judicial district where the person is domiciled, and any other "entity with the capacity to sue and be sued," if a defendant, resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Although the complaint is unclear, Plaintiff's allegations suggest that the events giving rise to her claims occurred in Texas. Her claims also appear to relate to real property that is located in Texas. Because Plaintiff does not allege that a substantial part of the events or omissions giving rise to her claims occurred in this district, or that a substantial part of the property that is the subject of this action is located in this district, venue is not proper in this district under Section 1391(e)(1)(B).

Plaintiff alleges that Southern Texas Title is located in South Padre Island, Cameron County, Texas, and she provides Austin, Travis County, Texas employment addresses for Perry and Abbott. Cameron and Travis Counties are both located in the Southern District of Texas. *See* 28 U.S.C. § 124(b). The State of Texas can be considered to reside in all judicial districts in Texas. The United States could be considered to reside in this district, and every other district in the country. Venue under Section 1391(e)(1)(A) is arguably proper in every district in the United States, including this district and the Southern District of Texas.

If the Court assumes that this action does not involve real property, because Plaintiff resides in the State of Nevada, venue would be proper under Section 1391(e)(1)(C) in the District of Nevada, *see* 28 U.S.C. § 108, not in this district.

Under 28 U.S.C. § 1404(a), even if a case is filed in a jurisdiction where venue is proper, a court may transfer the case to any other district where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). In

determining whether transfer is appropriate, courts consider the following ten factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 459-60 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors).

Under Section 1404(a), transfer appears to be appropriate in this case. A substantial part of the underlying events appears to have occurred in Texas and all defendants either reside or are employed in the Southern District of Texas. It is reasonable to expect that relevant documents and witnesses also would be in the Southern District of Texas. Furthermore, because Plaintiff resides in Nevada, it is equally convenient for her to litigate this action in the Southern District of Texas as it is for her to do so in this district. The Southern District of Texas appears to be a more convenient forum for this action. Accordingly, the Court transfers this action to the United States District Court for the Southern District of Texas. 28 U.S.C. § 1404(a); *see D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.").

## CONCLUSION

The Clerk of Court is directed to transfer this action, in the interest of justice, to the United States District Court for the Southern District of Texas. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the

transferee court. Summonses shall not issue from this court. This order closes this case in this court.

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:    February 3, 2026
          New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge

4