United States District Court
Southern District of Texas
**ENTERED**
September 21, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| H. PROVINO,<br>Plaintiff, | §<br>§<br>§ | |
| v. | § | CIVIL ACTION NO. 1:26-cv-172 |
| RICK PERRY, *et al.*,<br>Defendants. | §<br>§<br>§ | |

**REPORT AND RECOMMENDATION**
**TO DISMISS PLAINTIFF'S ACTION FOR FAILURE TO PROSECUTE**

## I. Synopsis

Pro se Plaintiff H. Provino comes before the court with a Complaint against Defendants Rick Perry, Greg Abbott, Southern Texas Title, the United States Fed and the State of Texas. Dkt. No. 1. Plaintiff's Complaint does not refer to any specific provisions of federal law or specific provisions of the U.S. Constitution, and the Plaintiff alleges next to no discernable facts. *Id*. Below, the Court explains Plaintiff's failure to prosecute his case. For this reason, it is RECOMMENDED that (1) the Court DISMISS Plaintiff's action without prejudice and (2) DIRECT the Clerk of Court to close this case.

## II. Jurisdiction

Plaintiff's complaint asserts the Court has jurisdiction under "insurance fraud, premeditattive fraud and larceny and attorneuy fraud" (Dkt. No. 1 at 4), but Plaintiff does not point to a particular provision of the statute or allege any facts to support this claim. Plaintiff's Complaint also alleges that Plaintiff was the victim of radio fraud and "embeszzsling" (Dkt. No. 1 at 5), but Plaintiff does not point to a particular provision of the U.S. Constitution or allege any facts to support this claim. Given the deficiencies in Plaintiff's complaint, the Court cannot assert subject matter jurisdiction over Plaintiff's action. *See Kirkland Masonry, Inc., v. C.I.R.*, 614 F.2d 532, 533 (5th Cir. 1980) ("the jurisdictional allegation should state that the action arises under a particular statute or provision of the Constitution and the body of the complaint must state facts showing that the

case does in fact arise under federal law."); Fed. R. Civ. Pro. 8(a).

**III. Venue**

Plaintiff provides an address from Reno, Nevada. Plaintiff refers to house in Reno in this petition, but Plaintiff does not provide any information on where the facts regarding this complaint occurred outside of mentioning South Padre Island, Texas. Additionally, Plaintiff provides an address for a named Defendant in Cameron County as Southern Texas Title on South Padre Island, Texas but provides no other discernable facts on their connection to the case. For these reasons, this Court cannot assert that venue is proper in the Brownsville Division of the Southern District of Texas.

**IV. Background and Procedural History**

On February 13, 2026, this Court received Plaintiff's Complaint upon transfer from the Southern District of New York where it was originally filed. Dkt. Nos. 1, 4. Plaintiff's Complaint contains undiscernible allegations as follows: Radio fraud - Rick Perry advertised on Nevada radio that Texas state is open for business. When Mr. Provino got to Texas he asked Prudential broker Keith Cummins for a 1031 exchange for income property. Mr. Keith Cummins was secretly moving title house from South Padre Island, and then moving these clients without their knowledge to a money laundering operation he was operating under the guise that Texas is open for business. When Mr. Provino complained that he wanted income property, Rick Perry promised to return Mr. Provino's $400,000.00 dollars. That was July 10, 2025. Dkt. No. 1 at 5.

Plaintiff filed a Motion to Proceed In Forma Pauperis. Dkt. No. 2. The undersigned Magistrate Judge granted Plaintiff's IFP application. Dkt. No. 12.

The Court identified several grave deficiencies with Plaintiff's Complaint. Dkt. No. 12. The Court stated the identified the deficiencies for Plaintiff and informed Plaintiff of how to remedy the deficiencies in the Order for More Definite Statement. *Id*. The Court warned Plaintiff that failure to timely comply with the Court's Order could result in dismissal of Plaintiff's claims for failure to prosecute. *Id*. The Court set an August 24, 2026, deadline for the Plaintiff's response. *Id*.

Plaintiff received notice of the Order for More Definite Statement on or before August

11, 2026. Dkt. No. 14. Plaintiff has not responded to the order, filed a response or amended complaint, or otherwise filed any documents with the Court.

**V. Legal Standard**

Under Rule 41(b) of the Federal Rules of Civil Procedure "a district court may, upon a defendant's motion, dismiss an action for failure to prosecute or to comply with any court order. The district court also has the inherent authority to dismiss an action *sua sponte,* without motion by a defendant." *Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997). "For example, *sua sponte* dismissal is appropriate when a plaintiff fails to prosecute her case." *Carver v. Atwood*, 18 F.4th 494, 497 (5th Cir. 2021) (internal citation omitted). *See also Raker v. City of Corpus Christi Police Dept.*, No. MC-08-22, 2008 WL 3317006, at *1-2 (S.D. Tex. Aug. 7, 2008) (dismissing Plaintiff's action for failure to prosecute after Plaintiff failed to file an amended complaint or respond to the Court's show cause order). "This authority is based on the 'courts' power to manage and administer their own affairs to ensure the orderly and expeditious disposition of cases.'" *Id.* (quoting *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630–31 (1962)).

"Lesser sanctions such as fines or dismissal without prejudice are usually appropriate before dismissing with prejudice." *Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 441 (5th Cir. 2016) (internal citations omitted). *See also Long v. Simmons*, 77 F.3d 878, 880 (5th Cir. 1996) (stating that a dismissal with prejudice "is appropriate only if the failure to comply with the court order was the result of purposeful delay or contumaciousness and the record reflects that the district court employed lesser sanctions before dismissing the action.").

**VI. Recommendation**

Because the Court provided Plaintiff with warnings and Plaintiff failed to comply with the Court's Order for More Definite Statement, it is recommended that the Court (1) DISMISS without prejudice Plaintiff's action for failure to prosecute pursuant to Fed. R. Civ. P. 41(b); and (2) DIRECT the Clerk of Court to close the case.

**VII. Notice to Parties**

The parties have fourteen (14) days from the date of being served with a copy of this

Report and Recommendation in which to file written objections, if any, with United States District Judge Rolando Olvera. 28 U.S.C. § 636(b)(1). When filing an objection, a party must object to specific facts or legal findings in this Report and Recommendation. The District Judge is not required to consider frivolous, conclusive, or general objections. *Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

This Report and Recommendation shall serve as notice of the Plaintiffs' procedural defaults, and the objection period shall serve as opportunity to respond to these defects. *Alexander v. Trump*, 753 F. App'x 201, 208 (5th Cir. 2018).

If any party fails to timely object to any factual or legal findings in this Report and Recommendation, the District Judge is not required to conduct a *de novo* review of the record before adopting these findings. If the District Judge chooses to adopt such findings without conducting a *de novo* review of the record, the parties may not attack those findings on appeal, except on the grounds of plain error. *Alexander v. Verizon Wireless Servs*., L.L.C., 875 F.3d 243, 248 (5th Cir. 2017).

Signed on September 21, 2026.

Karen Betancourt

Karen Betancourt
United States Magistrate
Judge